# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| **In re:** BRIAN WIRT BARTLETT, | ) | **Chapter 13** |
| | ) | **Case No. 18-31079-KRH** |
| Debtor(s). | ) | |

## MOTION FOR AUTHORITY TO EXAMINE THE DEBTOR PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND NOTICE OF MOTION

Tracy Wills Bartlett (the "Movant"), by counsel, hereby moves (the "Motion") this Court for the entry of an order authorizing the movant to examine the debtor, Brian Wirt Bartlett, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and represents to the Court as follows in support thereof:

### JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157 and 1334 relating to the Petition for Relief of Brian Wirt Bartlett (the "Debtor"), filed on March 5, 2018, under 11 U.S.C. Chapter 13, the case number shown above, now pending in the United States Bankruptcy Court, Eastern District of Virginia, Richmond Division.

2.      This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1409.

4.      The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 2004.

_____
Paul McCourt Curley, Esq. VSB No. 43794
SIX EAST LAW GROUP
6 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 355-8273
E-Mail: paul.curley@sixeastlaw.com
www.sixeastlaw.com
  *Counsel for Tracy Wills Bartlett*

## RELIEF REQUESTED

5.       By this Motion, the Movant seeks authority to conduct a Rule 2004 examination

of the Debtor through oral examination relating to various acts, conduct, property, liabilities and

financial condition of the Debtor or to any matter which may affect the administration of the

Debtor's estate, or to the Debtor's right to a discharge.

6.       The Movant believes that it is imperative and in the best interest of the creditors

and the bankruptcy estate that the Debtor be examined under oath and subject to the penalty of

perjury.

## BASIS FOR RELIEF

7.       Bankruptcy Rule 2004 provides, in relevant part:

(a)  **Examination on motion.**  On motion of any party in interest, the court may
order the examination of any entity.

(b)  **Scope of examination.**  The examination of any entity under this rule or of
the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to
the liabilities and financial condition of the debtor, or to any matter which may affect the
administration of the debtor's estate, or to the debtor's right to a discharge…

(c)  **Compelling attendance and production of documents.**  The attendance of
an entity for examination and for the production of documents, whether the examination
is to be conducted within or without the district in which the case is pending, may be
compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial…

Fed. R. Bankr. P. 2004.

8.       Examinations under Bankruptcy Rule 2004 are allowed for the "purpose of

discovering assets and unearthing frauds." In re GHR Energy Corp., 33 B.R. 451, 453 (Bankr. D.

Mass. 1983) (quoting In re Foerst, 93 F. 190, 191 (S.D.N.Y. 1899)); 9 Collier on Bankruptcy, ¶

2004.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citation omitted).

9.       It is well established that the scope of a Rule 2004 examination is broad.  The

purpose of the Rule 2004 examination is to aid in the discovery of assets, including potential

causes of action, and if a third person can be shown to have a relationship with the debtor's

affairs, the party is subject to a Rule 2004 examination.  In re Mantolesky, 14 B.R. 973, 977 (D.

Mass. 1981).  Indeed, Bankruptcy Courts in the Eastern District of Virginia, among others, have

"long held that the scope of an examination under Bankruptcy Rule 2004 is extremely wide;

some going as far as saying that 2004 allows fishing expeditions."  In re Nucletron Mfg. Corp.,

No. 93-34486S, 1994 WL 16191611, at *2 (Bankr. E.D. Va. Mar. 17, 1994); see also In re Valley

Forge Plaza Assocs., 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (Bankruptcy Rule 2004 "permits

a party invoking it to undertake a broad inquiry of the examiner, in the nature of a 'fishing

expedition.'"); In re Fearn, 96 B.R. 135, 137-138 (Bankr. S.D. Ohio 1989) ("It is well-

established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry

is ordinarily permitted.").

10.     Under the circumstances, the proposed Bankruptcy Rule 2004 Examination is

necessary in order to allow the Movant to gather information relating to protecting and

preserving the Debtor's assets and otherwise addressing matters related to the administration of

the Debtor's estate and the Debtor's ultimate right to a discharge.

11.     The Movant is requesting the entry of an Order granting her the authority to take

the oral examination of the Debtor, under oath.

12.     The Movant will make a good faith effort to schedule an agreed-upon date to

examine the Debtor as required under Local Bankruptcy Rule 2004-1.  In the event the parties are

unable to agree upon said date, the Movant does seek a date specific from this Court.

## **WAIVER OF SEPARATE MEMORANDUM OF LAW**

13.     The Movant respectfully requests that the Court regard any arguments and

citations set forth herein as a written memorandum of facts, reasons, and authorities that has been

combined with the relief requested herein, as permitted by Local Bankruptcy Rule 9013-1(G)(1).

Alternatively, the Movant respectfully requests that the Court waive any requirement set forth in

Local Bankruptcy Rule 9013-1(G)(1) that this Motion be accompanied by such a written

memorandum.

## **NO PRIOR REQUEST**

14.    No previous request for the relief sought herein has been made by the Movant to

this or any other Bankruptcy Court.

## **CONCLUSION**

**WHEREFORE**, the Movant respectfully requests that this Court enter an Order

authorizing her to conduct a Bankruptcy Rule 2004 Examination of the Debtor, through oral

examination; and granting such other and further relief that this case may require and the Court

deems just and proper.

**TRACY WILLS BARTLETT**,

By:___/s/ Paul McCourt Curley_____
                Counsel

Paul McCourt Curley, Esq. VSB No. 43794
SIX EAST LAW GROUP
6 East Broad Street
Richmond, Virginia 23219
Telephone: (804) 355-8273
E-Mail: paul.curley@sixeastlaw.com
www.sixeastlaw.com
  *Counsel for Tracy Wills Bartlett*

## NOTICE OF SEVEN (7) DAY ANSWER PERIOD

Each of the parties on whom a copy of this Motion for Leave to Conduct a 2004 Examination shall have seven (7) days from the date of the service of the motion as shown on the attached Proof of Service in which to file with the Court a written response.  If you do not file a written response by the deadline shown and objection will be waived and the relief requested by the movant shall be granted.

## NOTICE OF MOTION

Tracy Wills Bartlett, by counsel, has filed the foregoing motion with the court to move for leave to conduct an examination of the debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before October 2, 2018, you or your attorney must:

- File with the court, at the address shown below, a written response pursuant to Local Bankruptcy Rule 9013-1(H) and Local Bankruptcy Rule 2004-1(B).  You must mail or otherwise file your response early enough so the Court will **receive** it on or before the date stated above.

  Clerk of the Court
  United States Bankruptcy Court
  701 East Broad Street, Suite 4000
  Richmond, Virginia 23219

- You must also serve your written response on counsel for the Movant at the address shown below.  You must serve the written response early enough so that such counsel will **receive** it on or before the date stated above.

  Paul McCourt Curley, Esquire
  SIX EAST LAW GROUP
  6 East Broad Street
  Richmond, Virginia 23219

- If a written response is timely and properly filed to a Motion, attend a hearing on such Motion to be scheduled on a later date.  If a timely response is filed, you will receive separate notice of hearing.  **If no timely response has been filed opposing the relief requested, the court may grant relief without holding a hearing.**

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: September 25, 2018            _____ /s/ Paul McCourt Curley _____
                                   Paul McCourt Curley, Esq. VSB No. 43794
                                   SIX EAST LAW GROUP
                                   6 East Broad Street
                                   Richmond, Virginia 23219
                                   Telephone: (804) 355-8273
                                   E-Mail: paul.curley@sixeastlaw.com
                                   www.sixeastlaw.com
                                     *Counsel for Tracy Wills Bartlett*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2018, a true and correct copy of the

foregoing Motion and Notice was filed electronically using the Court's CM/ECF system, which

sent notice to all parties who have appeared in this case or by first-class mail, postage paid, to the

following:

Suzanne E. Wade, Esquire
Chapter 13 Trustee
P.O. Box 1780
Richmond, Virginia 23218-1780

Brian Wirt Bartlett
4298 Pierce Road
Powhatan, Virginia 23139

John P. Fitzgerald, III
Office of the US Trustee – Region 4 – R
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Laura Taylor Alridge, Esquire
Patrick Thomas Keith, Esquire
Boleman Law Firm, PC
P.O. Box 11588
Richmond, Virginia 23230-1588

                                   _____ /s/ Paul McCourt Curley _____